Nicholas J. Boos, Nevada Bar No. 16047
nboos@maynardnexsen.com
MAYNARD NEXSEN LLP
201 California Street, Suite 400
San Francisco, California 94111
Telephone: (415) 646-4700
Facsimile: (205) 254-1999

Attorneys for Defendant
SAFECO INSURANCE COMPANY OF AMERICA

Designation for Service Only:
Adam Pernsteiner, Nevada Bar No. 7862
Kearney Puzey Demonte
800 S. Meadows Parkway, Suite 800
Reno, Nevada 89521
apernsteiner@nevadafirm.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD G. SHAFF, an individual, and, SANDRA A. SHAFF, an individual,<br>Plaintiffs,<br>vs.<br>SAFECO INSURANCE COMPANY OF AMERICA; DOES I through X; and ABC CORPORATIONS A-Z; inclusive,<br>Defendants. | Case No. 3:26-cv-00438-MMD-CSD<br><br>**STIPULATED PROTECTIVE ORDER** |

Discovery in this Action is likely to involve the production of confidential, proprietary, commercially sensitive, or private information for which protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to resolve this Action may be warranted. Accordingly, the Parties stipulate to and request that the Court enter this Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or discovery responses, and that the protections afforded by this Order apply only to information or items that qualify for protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

/ / /

**1. OVERVIEW OF PROTECTIVE ORDER**

**1.1 Purposes and Limitations.** This Action is likely to involve commercial, financial, claims-handling, underwriting, policy, personal, private, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution, defense, or attempted resolution of this Action is warranted. Entry of this Order will facilitate the orderly and efficient exchange of discovery, reduce the need for individualized motion practice, protect information properly subject to confidential treatment, and permit the Parties to use Protected Material as reasonably necessary for purposes of this Action.

**1.2 Good Cause Statement.** This Action is likely to involve confidential business or proprietary information, information regarding confidential business practices, insurance claims materials, personal or private information, and other confidential commercial information not generally available to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Public disclosure of such information could invade privacy interests, reveal confidential business practices or commercially sensitive information, or otherwise cause prejudice or harm to a Party, Non-Party, or other person.

Nothing in this Order constitutes an admission that any particular document or category of documents is discoverable, relevant, admissible, non-privileged, or properly subject to confidential treatment, and all Parties reserve their rights to object to discovery or use of any material on any available ground.

**1.3 Procedure for Filing Under Seal.** This Stipulated Protective Order does not, by itself, authorize any Party to file documents or information under seal. Any Party seeking to file Protected Material under seal must comply with Local Rule IA 10-5 and any applicable standing order, local rule, or other procedure governing sealed filings, and must satisfy the applicable legal standard.

The mere designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order does not, without more, establish that the material may be filed under seal. Any request to seal must be narrowly tailored and supported by competent evidence and specific facts showing that the particular material at issue qualifies for sealing under the applicable standard.

**2. DEFINITIONS**

**2.1 Action** means the above-captioned civil action, *Richard G. Shaff, et al. v. Safeco Insurance Company of America, et al.*, Case No. 3:26-cv-00438-MMD-CSD, pending in the United States District Court for the District of Nevada.

**2.2 Challenging Party** means a Party or Non-Party that challenges the designation of information or items under this Order.

**2.3 CONFIDENTIAL Information or Items** means information, documents, testimony, electronically stored information, tangible things, or other materials, regardless of how generated, stored, or maintained, that the Designating Party reasonably and in good faith believes contain confidential, proprietary, commercially sensitive, personal, private, or otherwise protected information that qualifies for protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

**2.4 HIGHLY CONFIDENTIAL Information or Items** means information, documents, testimony, electronically stored information, tangible things, or other materials that qualify for protection as CONFIDENTIAL and that the Designating Party reasonably and in good faith believes are especially sensitive such that disclosure beyond the persons authorized to receive HIGHLY CONFIDENTIAL material under this Order would create a substantial risk of serious business, competitive, privacy, financial, personal, or other harm that could not be avoided by less restrictive means.

**2.5 Counsel** means Outside Counsel of Record and House Counsel, as well as their support staff.

**2.6 Designating Party** means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**2.7 Disclosure or Discovery Material** means all items or information, regardless of the medium or manner in which generated, stored, or maintained, including testimony, transcripts, electronically stored information, tangible things, and other materials produced or generated in disclosures or responses to discovery in this Action.

**2.8** **Expert** means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or consultant in this Action.

**2.9** **Final Disposition** means the final determination of this Action, whether by settlement, dismissal, or entry of judgment, including the exhaustion or expiration of all rights to appeal or seek further review.

**2.10** **House Counsel** means attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.11** **Non-Party** means any natural person, partnership, corporation, association, governmental entity, or other legal entity not named as a Party to this Action.

**2.12** **Outside Counsel of Record** means attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

**2.13** **Party** means any named party to this Action.

**2.14** **Producing Party** means a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.15** **Professional Vendors** means persons or entities that provide litigation-support services, including photocopying, imaging, coding, data processing, document hosting, document review, e-discovery, translation, transcription, videotaping, preparing exhibits or demonstratives, organizing, storing, retrieving, or analyzing data or documents in any form or medium, and their employees and subcontractors.

**2.16** **Protected Material** means any Disclosure or Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**2.17** **Receiving Party** means a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

**3.1** **Materials Covered.** The protections conferred by this Order cover Protected

Material and, to the extent they reveal, reflect, summarize, describe, quote, paraphrase, excerpt, or otherwise disclose Protected Material: (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, compilations, notes, analyses, charts, reports, pleadings, motion papers, briefs, memoranda, transcripts, deposition exhibits, trial exhibits, demonstratives, or other materials containing or reflecting Protected Material; and (c) any testimony, conversations, communications, or presentations by Parties, Counsel, witnesses, Experts, consultants, Professional Vendors, or other persons that reveal Protected Material.

**3.2** **Exclusions.** Nothing in this Order restricts the use or disclosure of information that is publicly available, lawfully obtained from a source independent of the Producing Party and not known by the Receiving Party to be subject to any confidentiality obligation, already known to the Receiving Party through lawful means, or independently developed without use of or reference to Protected Material.

**3.3** **No Admission or Determination.** Nothing in this Order determines the relevance, discoverability, admissibility, privilege, or evidentiary use of any material, and no designation or failure to designate material under this Order shall be construed as an admission regarding any such issue.

**3.4** **Use at Trial.** Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial except to the extent the trial judge orders otherwise.

## 4. DURATION

**4.1** **Continuing Effect.** The confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or the Court orders otherwise, including after the Final Disposition of this Action.

**4.2** **Trial and Public Record.** Nothing in this Order requires the return, destruction, de-designation, or public disclosure of Protected Material merely because the Action proceeds to trial. Any use of Protected Material at trial shall be governed by the orders of the trial judge. Protected Material used or introduced as evidence at trial, or otherwise made part of the public trial record,

is presumptively available to the public, including the press, unless the trial judge orders otherwise based on a showing sufficient under applicable law. A Party seeking to restrict public access to Protected Material at trial must make the required showing to the trial judge in advance of trial or as otherwise directed by the Court. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180–81 (9th Cir. 2006).

**5. <u>DESIGNATING PROTECTED MATERIAL</u>**

**5.1 <u>Exercise of Restraint and Care.</u>** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing or modifying the inapplicable designation.

**5.2 <u>Manner and Timing of Designations.</u>** Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection must be clearly designated before the material is disclosed or produced. For documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material. For deposition testimony or other proceedings, a Designating Party may designate testimony, exhibits, or other portions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record or in writing within 30 days after receiving notice that the final transcript is available.

**5.3 <u>Inadvertent Failures to Designate.</u>** An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material if the failure is timely corrected. Upon receiving written notice of a corrected designation, the Receiving Party must make reasonable efforts to treat the material in accordance with the corrected designation from that point forward.

**6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

Any Party or Non-Party may challenge a confidentiality designation at any time consistent with the Court's Scheduling Order. The Challenging Party must initiate the challenge process by

providing written notice to the Designating Party identifying each challenged designation with reasonable particularity and stating the basis for each challenge. The Parties must then meet and confer in good faith. If the Parties cannot resolve a challenge through the meet-and-confer process, the Designating Party may move the Court to maintain the challenged designation and bears the burden of establishing that the challenged material is properly designated.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1 Basic Principles.** A Receiving Party may use Protected Material disclosed or produced by another Party or by a Non-Party solely for prosecuting, defending, attempting to resolve, or otherwise conducting this Action, and not for any business, commercial, personal, competitive, public-relations, media, or other purpose. A Receiving Party may disclose Protected Material only to persons authorized to receive such material under this Order and only to the extent reasonably necessary for this Action. Material designated "CONFIDENTIAL" may be disclosed only as provided in Section 7.3. Material designated "HIGHLY CONFIDENTIAL" may be disclosed only as provided in Section 7.4, unless otherwise ordered by the Court or permitted in writing by the Designating Party.

**7.2 Use of Artificial Intelligence and Similar Technologies.** No Receiving Party, nor any person acting on that Receiving Party's behalf, may upload, input, disclose, summarize, quote, paraphrase, excerpt, analyze, or otherwise provide Protected Material, or any information derived from Protected Material, to any public-facing, open-access, generative artificial intelligence tool, large language model, chatbot, machine-learning platform, or similar technology, unless the Designating Party provides prior written consent or the Court orders otherwise. Nothing in this Section prohibits Counsel or a Party from using artificial intelligence, machine-learning, document-review, e-discovery, litigation-support, translation, transcription, legal research, drafting, summarization, analysis, or similar technology, including secure enterprise, closed-source, private-instance, or access-restricted generative artificial intelligence tools, in connection with this Action, provided that: (a) access to Protected Material is limited to persons authorized to access such material under this Order; (b) the technology is maintained in a secure, non-public, access-restricted environment; and (c) the provider does not disclose Protected Material or use Protected Material or

information derived from Protected Material to train, refine, improve, or otherwise modify any model, algorithm, product, or service, except as necessary to provide services for this Action.

**7.3 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated "CONFIDENTIAL" only to: (a) Outside Counsel of Record and their staff; (b) House Counsel, officers, directors, employees, claims representatives, adjusters, consultants, agents, or other representatives to whom disclosure is reasonably necessary; (c) Experts who have signed Exhibit A; (d) the Court and its personnel; (e) court reporters, videographers, interpreters, translators, and their staff; (f) Professional Vendors, mediators, settlement officers, and litigation-support personnel; (g) the author, addressee, recipient, custodian, or other person who otherwise possessed or knew the information; (h) witnesses during depositions, hearings, or other proceedings as reasonably necessary; and (i) any other person agreed to in writing by the Designating Party or authorized by the Court.

**7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.</u>** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated "HIGHLY CONFIDENTIAL" only to: (a) Outside Counsel of Record and their staff; (b) House Counsel to whom disclosure is reasonably necessary; (c) Experts who have signed Exhibit A; (d) the Court and its personnel; (e) court reporters and litigation-support personnel; (f) Professional Vendors and mediators where reasonably necessary; (g) the author or original recipient of the information; (h) witnesses during proceedings to the extent reasonably necessary for examination or testimony; and (i) any other person agreed to in writing by the Designating Party or authorized by the Court.

## 8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena, discovery request, court order, or other compulsory process issued in other litigation or proceeding that seeks or requires disclosure of Protected Material, that Party must promptly: (a) notify the Designating Party in writing; (b) notify the person or entity that caused the process to issue that some or all of the material sought is subject to this

Order; and (c) cooperate with reasonable procedures sought by the Designating Party. Nothing in this Order authorizes or encourages a Party to disobey any lawful directive from another court or tribunal.

**9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>**

The terms of this Order apply to Protected Material produced by a Non-Party in this Action. If a Party is required by a discovery request to produce information in its possession, custody, or control that belongs to or was received from a Non-Party and that the Party reasonably believes is subject to a confidentiality obligation owed to the Non-Party, the Party shall promptly: (a) notify the Requesting Party and the Non-Party; (b) provide the Non-Party with a copy of this Order and the relevant discovery request; and (c) make the information available for inspection by the Non-Party if requested and reasonably practicable.

**10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly: (a) notify the Designating Party in writing; (b) use reasonable efforts to retrieve or secure the return or destruction of all unauthorized copies; (c) take reasonable steps to prevent further unauthorized disclosure or use; (d) inform the person or persons to whom unauthorized disclosure was made of the terms of this Order; and (e) request that such person or persons execute Exhibit A.

**11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

**11.1 <u>No Waiver.</u>** Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of documents, electronically stored information, testimony, or other information in this Action shall not constitute or be deemed a waiver or forfeiture, in this Action or in any other federal or state proceeding, of any claim of attorney-client privilege, work-product protection, or any other applicable privilege or protection, regardless of the care taken by the Producing Party to prevent disclosure.

**11.2 <u>Notice and Clawback Procedure.</u>** If a Producing Party discovers that it has

produced information that it contends is subject to attorney-client privilege, work-product protection, or any other applicable privilege or protection, the Producing Party may notify the Receiving Party in writing of the claim and the basis for it. After receiving such notice, the Receiving Party must promptly comply with Federal Rule of Civil Procedure 26(b)(5)(B), including by returning, sequestering, or destroying the specified information and any copies it has, not using or disclosing the information until the claim is resolved, and taking reasonable steps to retrieve the information if it disclosed it before being notified.

**11.3** **Disputed Claims.** If the Receiving Party disputes the claim of privilege or protection, it may promptly present the information to the Court under seal for a determination of the claim. The Receiving Party must not assert that the production itself waived any privilege or protection. Nothing in this Section limits a Party's right to challenge the claim of privilege or protection on any ground other than waiver based on production in this Action.

**11.4** **Rule 502(d) Construction.** This Section is intended to be and shall be construed as an order under Federal Rule of Evidence 502(d).

**12. MISCELLANEOUS**

**12.1** **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek modification of this Order, additional protection, or other relief from the Court for good cause shown.

**12.2** **Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party or Non-Party waives any right to object to the disclosure, discovery, production, admissibility, or use of any information or item on any available ground, including relevance, proportionality, burden, privilege, work-product protection, privacy, confidentiality, admissibility, or any other applicable objection or protection.

**12.3** **Filing Protected Material.** A Party that seeks to file Protected Material under seal must comply with Local Rule IA 10-5, any applicable standing order or local rule, and the applicable legal standard. Protected Material may be filed under seal only pursuant to a Court order authorizing the sealing of the specific material at issue.

/ / /

**13. FINAL DISPOSITION**

After Final Disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except that Counsel may retain archival copies of pleadings, motion papers, transcripts, legal memoranda, correspondence, exhibits, expert reports, attorney work product, consultant and expert work product, and other materials reasonably necessary to preserve a litigation file. Any retained materials that contain, constitute, reflect, or disclose Protected Material remain subject to this Order, including Section 4.

**14. VIOLATION**

Any violation of this Order may be addressed by the Court through appropriate relief, including contempt proceedings, monetary sanctions, injunctive relief, or other relief the Court deems just and proper. Nothing in this Section limits any Party's, Non-Party's, or Designating Party's right to seek enforcement of this Order or any other remedy available under applicable law.

Dated: July 24, 2026

MAYNARD NEXSEN LLP

*/s/ Nicholas J. Boos*

By: NICHOLAS J. BOOS
*Attorneys for Defendant SAFECO INSURANCE COMPANY OF AMERICA*

Dated: July 24, 2026

LEVERTY & ASSOCIATES LAW, CHTD.

*/s/ Patrick R. Leverty*

By: PATRICK R. LEVERTY
*Attorneys for Plaintiffs RICHARD G. SHAFF and SANDRA A. SHAFF*

Paragraph 4.1 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

**IT IS SO ORDERED.**

Dated: July 24, 2026

Craig S. Denney
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of ______________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order entered by the United States District Court for the District of Nevada in *Richard G. Shaff, et al. v. Safeco Insurance Company of America, et al.*, Case No. 3:26-cv-00438-MMD-CSD.

I agree to comply with and be bound by all terms of the Stipulated Protective Order. I understand that any violation of the Stipulated Protective Order may be addressed by the Court through appropriate relief, including contempt proceedings, monetary sanctions, injunctive relief, or other relief the Court deems just and proper.

I agree that I will not use or disclose in any manner any information or item subject to the Stipulated Protective Order except as permitted by, and in strict compliance with, the Stipulated Protective Order.

I further acknowledge and agree that I am bound by the restrictions in the Stipulated Protective Order concerning the use of artificial intelligence, machine-learning platforms, large language models, chatbots, document-review tools, litigation-support tools, and similar technologies.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcing the Stipulated Protective Order, including after Final Disposition of this Action, and I agree to accept service of any papers related to enforcement of the Stipulated Protective Order by email at the address provided below or by any other method authorized by law.

Date: ______________________________

City and State where sworn and signed: ______________________________

Email address: ______________________________

Printed name: ______________________________

Signature: ______________________________