UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD SHAFF and SANDRA SHAFF,<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE CO., *et al.,*<br><br>Defendants. | Case No. 3:26-cv-00438-MMD-CSD<br><br>ORDER |

## I. SUMMARY

Defendant Safeco Insurance Company ("SIC") removed this action arising from a breach of insurance contract claim based on diversity jurisdiction. (ECF No. 1.) The Court *sua sponte* questioned whether Defendant met its burden to show the amount in controversy is satisfied and accordingly issued an Order to Show Cause ("OSC"). (ECF No. 6.) Defendant responded to the OSC (ECF No. 10 ("Response")) and Plaintiffs replied (ECF No. 14). Plaintiffs then filed a motion to remand. (ECF No. 12 ("Motion").)[1] For the reasons explained below, the Court finds it lacks diversity jurisdiction and will remand the case to state court. The Court denies the Motion as moot.

## II. BACKGROUND

On April 13, 2026, Plaintiffs Richard Shaff and Sandra Shaff filed the underlying action in the Second Judicial District Court, Washoe County, Nevada. (ECF No. 1 at 11 ("Complaint").) Plaintiffs brought several claims under Nevada state law—including

[1] In their Motion, Plaintiffs only address whether removal was timely. (ECF No. 12.) Plaintiffs separately challenge the amount in controversy in their reply to Defendant's Response to the OSC. (ECF No. 14.) Defendant opposed the Motion (ECF No. 15) and Plaintiffs replied (ECF No. 16.)

breach of insurance contract, breach of the duty of good faith and fair dealing, and statutory bad faith—against SIC for denying their insurance claim for a sudden and accidental hot water pipe leak at their property. (ECF No 1 at 9-11, 18.)

Defendant petitioned for removal on June 10, 2026 on the basis of diversity jurisdiction. (ECF Nos. 1, 11.) On June 11, 2026, the Court issued an OSC directing Defendant to demonstrate the Court had subject matter jurisdiction to hear Defendant's claim, and specifically, that the amount in controversy was likely to exceed $75,000. (ECF No. 6.)

In the Statement of Removal, Defendant claimed its designated agent, CSC, received the summons and complaint on May 11, 2026, and thus removal on June 10, 2026 was timely. (ECF No. 11 at 2.) Plaintiffs counter that removal was untimely because the timeline for removal began not on May 11 (when CSC received the summons and complaint), but on May 7, 2026, when the Nevada Commissioner of Insurance, Division of Insurance forwarded the summons and complaint to Defendant. (ECF No. 12.) As such, Plaintiffs contend Defendant's removal on June 10, 2026 was four days late and untimely. *(Id.)*

## III. DISCUSSION

Plaintiffs assert two grounds for remand: (1) the amount in controversy has not been met (ECF No. 14 at 3-7) and (2) removal was not timely and therefore improper under 28 U.S.C. § 1446(b)(1) (ECF No. 12 at 2-3.) Because the Court finds Defendant fails to demonstrate the amount in controversy is satisfied, the Court does not reach Plaintiffs' argument as to timeliness of removal.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *see also*, *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal

jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added) (citation omitted). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).[2] "[T]he amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enter.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citation omitted). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.* at 1117 (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Matheson*, 319 F.3d at 1090 (citation omitted).

Here, Plaintiffs did not specify the amount of damages in their Complaint but sought damages "in excess of $15,000" and other damages, with amounts to be proven

---

[2]The parties do not dispute diversity of citizenship. Plaintiffs are citizens of Nevada. (ECF No. 1. at 3.) Defendant is incorporated in New Hampshire and holds its principal place of business in Massachusetts. (*Id.* at 4.) Defendant is thus a citizen of both New Hampshire and Massachusetts.

at trial (ECF No. 1 at 23.)[3] Defendant removed based on the assertion that the sum of Plaintiffs alleged breach of contract damages, punitive damages, and attorneys' fees exceed $75,000. (*Id.* at 2.) In their Response to the OSC, Defendant alleges an "absolute minimum" of $51,333.84 for breach of contract damages, "bare minimum" of $50,000 in "bad faith" damages, "bare minimum" of $50,000 in punitive damages, and at least $50,000 in attorneys' fees. (ECF No. 10 at 4-8.) Plaintiffs contend that removal was improper because Defendant failed to meet its burden in proving that total damages will exceed $75,000. (ECF No. 14 at 2.) As explained below, the Court finds that Defendant has not met its burden of proving by a preponderance of the evidence that the amount in controversy has been met. The Court addresses each category of damages that Defendant contends meet the amount in controversy in turn.

**A. Breach of Contract Damages**

Defendant alleges an "absolute minimum" of $51,333.84 for breach of contract damages (ECF No. 10 at 4.) This figure is based on an initial estimate by Empire Restoration, the contractor Plaintiffs hired to remove water from their property. (ECF Nos. 1-2 at 14; 10 at 4.) Defendant argues breach of contract damages alone will meet the jurisdictional amount because the initial contractor estimate only covers "limited removal of water and property," and not the full cost to repair the damage to Plaintiffs' property. (ECF No. 10 at 4.) Defendant's argument is unpersuasive.

The Court's jurisdiction depends on the state of things at the time the case was filed. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004); *see also Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (rejecting a plaintiff's attempt to fix jurisdictional issues by filing a proposed amended complaint in which he alleged the amount in controversy exceeded $75,000). Plaintiffs filed their Complaint on April 13, 2026. (ECF No. 1 at 11.) Empire Restoration's estimate was dated February 22, 2026. (ECF No. 1-2 at 4.) To date, neither party has provided additional estimates to

---

[3]Plaintiffs seek breach of contract damages, punitive damages, special and consequential damages, and attorneys' fees. (ECF No. 1 at 23.)

address the damage to Plaintiffs' property.[4] Plaintiffs insist that Defendant has never estimated, investigated, nor calculated the amount of the repair costs. (ECF No. 14 at 3.) Therefore, at the time the Complaint was filed, the only estimate available to calculate the breach of contract damages was Empire Restoration's $51,333.84 estimate. (ECF No. 1-2 at 14.) The Court agrees with Plaintiff that it would be conclusory to find the amount in controversy will be met based on this initial estimate. (ECF No. 14 at 3.)

**B. Bad Faith Damages**

Defendant alleges that a "bare minimum" $50,000 in "bad faith" damages, including emotional distress, will support meeting the jurisdictional amount. (ECF No. 10 at 5.) Defendant primarily asserts that the Nevada Supreme Court has previously upheld significant emotional distress awards in bad faith insurance cases, despite awarding minimal breach of contract damages. (ECF No. 10 at 4-5.) Plaintiffs reply that Defendant has not presented sufficient evidence of jury verdicts in analogous water damage coverage cases. (ECF No. 14 at 4.) The Court agrees that Defendant's cited cases are distinguishable. For example, Defendant points to *Wohlers & Co. v. Bartgis*, 969 P.2d 949, 958 (Nev. 1998), in which the Nevada Supreme Court awarded $275,000 in emotional distress damages despite only awarding $8,757.75 in breach of contract damages. In *Wohlers*, a medical insurance company denied, in bad faith, 90% of plaintiff's hospital bills following a hysterectomy and subsequent hospital stay. *Id.* at 954. The court awarded emotional distress damages based on evidence of plaintiff's "stress-related bladder infections, loss of appetite, and loss of sleep" related to the denial of her claim. *Id.* at 958. The facts of this case are very different. This case

[4]Defendant argues that Plaintiffs "no doubt seek[] benefits related to [replacement of damaged materials and installation costs]" because they seek "'all the benefits they are entitled to under the policy.'" (ECF No. 10 at 4.) However, neither party has provided evidence of Plaintiffs' coverage and policy limits. Moreover, Plaintiffs only allege that Defendant "fail[ed] to provide Plaintiffs all the benefits they are entitled to under the policy." (ECF No. 1 at 20.) Plaintiffs do not allege that they claim coverage up to the amount of their policy limit.

presents a dispute over Defendant's denial of Plaintiffs' property insurance claim for a sudden and accidental hot water pipe leak causing water damage to their property. The fact that Nevada courts have previously awarded substantial emotional distress awards in insurance bad faith cases is not alone dispositive.

Defendant has not offered why *Wohlers,* or the other cases cited, should be considered instructive on calculating emotional distress damages for a water damage coverage claim. Therefore, the Court finds Defendant has not met its burden to demonstrate that Plaintiffs' emotional distress damages will support meeting the amount in controversy requirement.

**C. Punitive Damages**

The Court also rejects Defendant's argument that punitive damages will support meeting the amount in controversy requirement. (ECF Nos. 1 at 5; 10 at 7.) To establish punitive damages in support of the amount in controversy, a defendant may introduce evidence of jury verdicts in cases involving "similar facts." *Flores v. Standard Ins. Co.*, No. 3:09-cv-00501-LRH-RAM, 2010 WL 185949, at *5 (D. Nev. Jan. 15, 2010.)

Defendant argues that punitive damages need only meet a "bare minimum" amount of $50,000 to reach the amount in controversy requirement, based on a ratio of 0.5:1. (ECF No. 10 at 7.) As support, Defendant similarly identifies other bad-faith insurance cases where courts have awarded large punitive damages awards compared to actual damages. (*Id.*) However, "the mere possibility of an award of attorney's fees or punitive damages is not sufficient to prove that the amount in controversy has been met." *Polanski v. US Bank N.A.*, No. 3:11-cv-0356-LRH-VPC, 2011 WL 2600496, at *1 (D. Nev. June 29, 2011). Moreover, Defendant once again fails to point to analogous cases to support its argument. For instance, Defendant primarily relies on *Republic Ins. Co. v. Hires*, 810 P.2d 790 (Nev. 1991). *Hires*, however, involved a homeowners insurance dispute following a burglary. 810 P.2d at 791. But this case concerns a

homeowners insurance dispute following water damage to a property.[5] (ECF No. 14 at 5.) A speculative number that is not supported by specific and relevant case law cannot prove to a legal certainty that the amount in controversy has been met. Therefore, the Court finds that Defendant has failed to demonstrate that punitive damages will support meeting the amount in controversy requirement.

**D. Attorneys' Fees**

Attorneys' fees may be considered part of the amount in controversy if a statute authorizes fees to a successful litigant. *See Pereza v. Progressive Direct Ins. Co.*, No. 2:15-cv-77-JCM-VCF, 2015 WL 1549270, at *2 (D. Nev. Apr. 8, 2015) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007)). The removing party must "(1) identify an applicable statute which could authorize an award of attorneys' fees and (2) provide an estimate as to the time the case will require and opposing counsel's hourly billing rate." *Henson v. Freedom Life Ins. Co. of Am.*, No. 3:21-cv-235-LRH-CLB, 2021 WL 3216466, at *4 (D. Nev. July 29, 2021) (quoting *Hannon v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-cv-1623-GMN-NJK, 2014 WL 7146659, at *2 (D. Nev. Dec. 12, 2014)). Defendant fails on both fronts.

First, Defendant incorrectly relies on NRS § 18.010(2)(b) as the applicable statute. (ECF No. 10 at 7.) Under NRS § 18.010(2)(b), a party can be awarded attorneys' fees where the "defense of the opposing party was brought or maintained without reasonable ground." Defendant argues the Nevada Supreme Court has previously upheld an award of attorneys' fees after finding an insurance company denied coverage in bad faith. As support, Defendant relies on *Uhlmeyer v. USAA Cas. Ins. Co.,* No. 3-19-cv-000438-LRH-CLB, 2020 WL 732950, at *5 (D. Nev. Feb. 13, 2020), which cites to *Farmers Home Mut. Ins. Co. v. Fiscus*, 725 P.2d 234, 237 (Nev.

[5]Defendant also argues that *Hires*, 810 P.2d at 792 is analogous because Plaintiffs allege that Defendant delayed handling the claim, misrepresented policy provisions, failed to investigate, and failed to state the grounds for denial. (ECF No. 10 at 7.) The Court finds this argument unpersuasive. Though the behavior of the insurance companies may be similar, the facts of each case are not.

1986).[6] However, in *Merrick v. Paul Revere Life Ins. Co.*, 500 F. 3d 1007, 1018 (9th Cir. 2007), the Ninth Circuit Court of Appeals explicitly rejected that the Nevada Supreme Court's holding in *Fiscus* created a "categorical rule" that a finding of bad faith by an insurance company meant a suit was "maintained without reasonable ground" under NRS § 18.010(2)(b). Therefore, the mere fact that the statute has authorized attorneys' fees awards in bad faith insurance cases does not mean it is applicable to all insurance bad faith claims. The statute requires finding that a party acted in bad faith in asserting a claim or defense; that determination cannot be made here yet. As such, NRS § 18.010(2)(b) is not an applicable statute authorizing attorneys' fees.

Second, Defendant has failed to provide any information regarding the time needed for the case or hourly billing rates. Instead, Defendant merely asserts that, because Plaintiffs seek to recover attorneys' fees, such fees should be considered in determining the amount in controversy.[7] Without this information, the Court has no legal certainty that attorneys' fees would push the amount in controversy above the jurisdictional threshold because it is based exclusively on speculation. As noted, conclusory allegations in a notice of removal are insufficient to satisfy Defendant's preponderance burden. *See Matheson*, 319 F.3d at 1090-91 (citation omitted). Therefore, without this showing, the Court cannot find that attorneys' fees should be included in the amount in controversy calculation.

---

[6]In *Uhlmeyer*, 2020 WL 732950, at *5, the court considered attorneys' fees in calculating the amount in controversy because it found that NRS § 18.010 was a statute authorizing an award of attorneys' fees. However, this was based on an incorrect interpretation of the Nevada Supreme Court's holding in *Fiscus*, as cautioned by *Merrick*.

[7]Defendant's reliance on *Uhlmeyer*, 2020 WL 732950, at *5 here is also unpersuasive. In *Uhlmeyer*, the plaintiff "specifically requested" $50,000 in attorneys' fees and punitive damages. *Id.* As such, the court considered the figure in calculating the amount in controversy. Here, Defendant argues that the $51,333.84 breach of contract damages should similarly serve as the basis for calculating attorneys' fees. However, Plaintiffs did not specify the amount of attorneys' fees nor punitive damages in the Complaint. (ECF No. 1 at 23.) Plaintiffs also did not include the contractor estimate in their initial damages calculation; Defendant raised it in its Petition for Removal (ECF No. 1 at 5) and Response to the OSC. (ECF No. 10 at 8.)

In summary, Defendant has not met its burden to show by a preponderance of the evidence that the sum of breach of contract damages, bad faith damages, punitive damages, and attorneys' fees will satisfy the amount in controversy requirement. The Court agrees with Plaintiff that the damages Defendant relies on are speculative. Accordingly, the Court finds it does not have diversity jurisdiction and will remand this case.

## IV. CONCLUSION

The Court notes that Plaintiff and Defendant made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Court lacks diversity jurisdiction over this action. This action is remanded to the Second Judicial District Court in Washoe County, Nevada.

It is further ordered that Plaintiffs' motion to remand (ECF No. 12) is denied as moot.

It is further ordered that the Clerk of Court kindly close this case.

DATED THIS 22nd Day of September 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE