UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RICHARD SHAFF AND SANDRA SHAFF,

Plaintiffs,

v.

SAFECO INSURANCE CO, *et al.*,

Defendants.

Case No.: 3:26-cv-00438-MMD-CSD

ORDER

Plaintiffs Richard Shaff and Sandra Shaff sued Defendant Safeco Insurance Company for denying their homeowners insurance claim. (ECF No. 1 at 14, 19 ("Complaint").) Defendant removed the action based on diversity jurisdiction. (ECF No. 1.) The Court issued an order to show cause, raising concerns as to the amount in controversy. (ECF No. 6 ("OSC").) Plaintiffs then moved to remand the case. (ECF No. 12). The Court found Defendant failed to demonstrate the amount in controversy was met and remanded the case to state court. (ECF No. 22 ("Remand Order").) Before the Court is Defendant's motion for reconsideration. (ECF No. 23 ("Motion").) Because Plaintiffs have failed to respond to the Motion, the Court grants the Motion.

Defendant seeks reconsideration of the Remand Order[1] based on newly discovered evidence under Federal Rules of Civil Procedure 59(e) and 60(b) and LR 59-1.[2]

[1]The Court incorporates the facts discussed in the "Background" section of the Remand Order (ECF No. 22 at 1-2).

[2]A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Federal Rule of Civil Procedure 60(b)(2) provides for post-judgment relief based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Under LR 59-1, a party seeking reconsideration must "state with particularity the points of law or

Defendant asserts it has “new evidence” that the amount in controversy has been met because Plaintiffs stated they were seeking $125,516.63 in contractual damages alone in a supplement to their initial disclosures.[3] (ECF No. 23 at 2.) However, Plaintiffs failed to respond to Defendant’s contention. Under LR 7-2(d), “[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney’s fees, constitutes a consent to the granting of the motion.” Defendant filed the Motion on September 24, 2026, and Plaintiffs had until October 8, 2026 to respond. To date, Plaintiffs have not responded. Accordingly, the Court finds Plaintiffs consent to the Motion and will grant the Motion for Reconsideration.

It is therefore ordered that Defendant’s motion for reconsideration (ECF No. 23) is granted. The Court finds Defendant has demonstrated diversity jurisdiction and denies remand.

It is further ordered that the Clerk of Court reopen this case.

DATED THIS 22nd Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity.” LR 59-1(a).

[3]Defendant states these supplemental disclosures were made on August 19, 2025, after conclusion of briefing on the OSC and Plaintiff’s motion to remand. (ECF No. 23 at 2.)